MARGARET D. GRISWOLD, Respondent, *against* THE METROPOLITAN ELEVATED RAILWAY COMPANY *et al.*, Appellants.

(Decided April 2d, 1888.)

In an action against an elevated railroad company to recover damages for obstruction to light, air, and access, it appeared that the person through whom plaintiff derived title was dead, and the agent who collected rent was also dead. *Held*, that evidence of the rental value, being the best evidence obtainable, was admissible on the question of damages.

APPEAL from a judgment of this court entered upon the verdict of a jury.

The action was brought to recover damages to an easement of light, air, and access to plaintiff's premises, by the construction of an elevated road in the street in front of her premises. Further facts are stated in the opinion.

*Davies & Rapallo*, for appellants.

*James M. Smith*, for respondent.

PER CURIAM. — [Present, J. F. DALY and VAN HOESEN, JJ.] — No brief has been filed on behalf of the appellant, for

Griswold *v.* Metropolitan Elevated R. Co.

the reason, probably, that substantial justice was done by the verdict.

There seems to be no doubt that the plaintiff is entitled to all the damages that are recoverable in this action, and that she is the proper party plaintiff.

There may be a question as to the competency of some of the questions that were put by the plaintiff's counsel, but the result does not appear to have been influenced by the answers.

The actual amount received by the plaintiff for the rent of the building from the time she became the owner, might have been shown by the plaintiff, if Mr. Pangburn, a witness for the defendant, had not given, and professed to be able to give, the rent at the time of the trial, and for several years previously. The jury had before them evidence as to what rent the plaintiff herself had received.

It appeared that the persons from whom the plaintiff derived her title to the house, and to a part of the damages, are dead, and that the agent by whom their rents were collected is likewise dead; it further appeared that the tenants of the house from the time the elevated railroad began its operations were poor people, of a low class, and it may be assumed that it would be difficult, if not impossible, to trace or find them; under these circumstances, evidence of the rental value may be taken to be evidence of what was actually received as rent. Evidence of rental value seems to be, under the peculiar circumstances, the best evidence of which the case is susceptible.

Judgment affirmed, with costs.